HUDSON-DUGGER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6918. Promulgated June 15, 1927.

Where the tax shown by a petitioner upon its return as filed exceeds the total tax liability as determined by the Commissioner, the Board is without jurisdiction to entertain the proceeding, even though assessment has not been made by the Commissioner of the entire amount shown due on petitioner's return as filed.

*J. S. Y. Ivins, Esq.*, and *Taylor E. Cress, C. P. A.*, for the petitioner.

*W. Frank Gibbs, Esq.*, for the respondent.

This proceeding came on for hearing on the Commissioner's motion to dismiss for lack of jurisdiction, for the reason that he had

not determined that there was a deficiency within the meaning of section 274 of the Revenue Act of 1926 in respect of the tax of this petitioner for the fiscal year ending May 31, 1920. The proceeding involves alleged additional income and profits tax for the fiscal year ending May 31, 1920, in the amount of $6,801.20.

FINDINGS OF FACT.

The petitioner, a Tennessee corporation, filed its return for 1918 and prior years on a calendar year basis, and likewise filed a return for 1919 in March, 1920, on the same basis, paying the first installment of the tax shown to be due thereon. For the aforementioned years, as well as for 1920, the petitioner's books were kept on the basis of a fiscal year ended May 31.

On June 5, 1920, petitioner advised the collector for its district of the manner of keeping its books and was instructed, in a series of correspondence, that under the Revenue Act of 1918 returns must be filed on the basis on which a taxpayer keeps its books and that correct returns should be submitted for 1918 and subsequent years on its fiscal year basis. On July 20, 1920, petitioner filed the necessary returns, including a return on the proper basis for the fiscal year ended May 31, 1920.

In the meantime petitioner inquired of the collector on at least two occasions as to how remaining payments should be made on account of the 1919 calendar year return which had been filed and was advised to continue making payment of the installments until the return for the fiscal year ended May 31, 1920, was filed and that proper credit would be given at that time for payments made on the erroneous basis. Further correspondence took place between the collector and the petitioner with respect to the fiscal year return so that it was not until on or about September 22, 1920, that the petitioner satisfied the collector that proper returns had been filed for 1920 and prior years. Prior to this time petitioner had paid three installments of the tax shown due on the calendar year return for 1919, or $5,127.93, the total tax shown on this return being $6,837.24.

The return as filed for the fiscal year ended May 31, 1920, showed a tax due of $8,500.69, against which the collector advised the petitioner that he was crediting the $6,837.24 assessed on the 1919 calendar year return and stated that the remaining installment shown due on the 1919 calendar year return, and the difference between that assessed on the calendar year return and that shown due on the fiscal 1920 return should be paid at the same time as though the return had been filed on the basis of the fiscal year ended May 31, 1920, or a total of $3,372.76. The collector, however, made an assessment of only $1,663.45 on the fiscal 1920 return, though the petitioner,

on December 15, 1920, made payment to the collector of $3,372.76 as the remaining amount shown due by the collector on account of the calendar year 1919 return and the fiscal 1920 return.

The return for the fiscal year ending May 31, 1920, shows the following in " Schedule D, Computation of Taxes ":

Total tax (items 3, 4, or 8 plus item 11)_____ $8,500.69
Balance of Tax (item 12 minus items 13 and 14)___ 8,500.69
Assessed.—Paid under return filed 12–31–19_____ 6,837.24 O. K.

Balance to be assessed_____ $1,663.45

In 1924, a revenue agent audited the books of the petitioner and submitted a copy of his report to the petitioner in which he showed the total amount assessed for the fiscal year ended May 31, 1920, as $8,500.69. On March 20, 1925, the Commissioner advised the petitioner of the results of an examination of its return for the fiscal year ended May 31, 1920, in connection with the foregoing revenue agent's report showing in the communication a tax previously assessed for the fiscal year ended May 31, 1920, of $8,500.69 and a refund due for this year of $13.63. Subsequently, on July 11, 1925, the Commissioner advised the petitioner that the determination of its tax liability as shown in letter of March 20, 1925, had been changed so that instead of a refund being due for the fiscal year ended May 31, 1920, there was now a tax to be collected in the amount of $6,801.20. In this communication the tax previously assessed was shown as $1,663.45 and the total tax liability as $8,464.65. The explanation made in a later communication from the Commissioner of the change was that the tax of $6,837.24 assessed on the return filed for the calendar year 1919 and credited by the collector and therefore approved by him against the tax for the fiscal year ended May 31, 1920, was applicable only to the fiscal year ended in 1919, and that refund could not then be made on account of the proper crediting of this amount to the 1919 fiscal year return since the period within which refunds could be made of taxes erroneously collected in 1919 had expired. After further correspondence with the Department, the petitioner received the following advice from the collector:

In accordance with your inquiry of even date as to whether or not there were any outstanding income and profits taxes against your company for either of the fiscal years ended May 31, 1918, 1919, 1920 and 1921, I beg to advise that my records fail to indicate that there are any taxes due for these years that have not been paid.

I might further state that my records show that your company filed returns on the calendar year basis ended December 31, 1918 and 1919, but it was discovered during the early part of 1920, either by the officers of the company or the auditor employed by you, that your returns were erroneously made and that they should be made on the fiscal year basis ending May 31st, instead of the calendar year basis and, accordingly, on July 20, 1920, a return for the fiscal year ended May 31, 1920 was filed together with amended returns for the

108346°—28——26

period ended May 31, 1918 and 1919. The report for the fiscal year ended May 31, 1920, showed a total tax of $8,500.69 and this office credited the account with $6,837.24, assessed for the period ended Dec. 31, 1919, which assessment appears on my March 1920 Assessment List, account #43150. After applying this credit there remained a tax of $1,663.45 which was also charged into the account above mentioned number 43150. Payments were made on this account as follows:

```
3/11_____ $1709. 31
6/15_____  1709. 31
9/15_____  1709. 31
12/15_____  3372. 76
```

This latter payment covered the fourth installment as assessed on the original account plus $1663.45, the amount shown to be due on the full fiscal year return ended May 31, 1920. This office thought it proper to credit the tax as disclosed by the return filed for the period ended May 31, 1920 with the assessment shown on the return for Dec. 31, 1919, as the latter report covered the period closing nearest and prior to the fiscal year ended May 31, 1920.

Notwithstanding all of the foregoing facts, the Commissioner on July 11, 1925, mailed to petitioner a 60-day notice, Form NP–2, as follows:

The determination of your income tax liability for the fiscal years ended May 31, 1920 and May 31, 1921, pursuant to an examination of your books of account and records as set forth in office letter dated March 20, 1925, has been changed to disclose a deficiency in tax of $6801.20 for the fiscal year 1920, and an overassessment of $7.61 for the fiscal year 1921, as shown in the attached statement.

In accordance with the provisions of Section 274 of the Revenue Act of 1924, you are allowed 60 days from the date of mailing of this letter within which to file an appeal to the United States Board of Tax Appeals contesting in whole or in part the correctness of this determination. * * *

The statement attached to the above notice, so far as is material here, sets forth the following:

```
Total tax assessable for year_____ $8, 464. 65
Assessed on return, Account Number 43150_____   1, 663. 45
                                                              _____
    Deficiency _____   6, 801. 20
  *          *          *          *.          *          *          *
```

The change from an overassessment to a deficiency in tax is due to the fact that there was erroneously credited against the tax disclosed, the tax previously assessed for the calendar year 1919 as well as that computed on the return filed for the fiscal year ended May 31, 1920.

As it is the practice of the Bureau to credit against a fiscal year ended in any year, the tax assessed for the calendar year, the tax for 1919 should not have been taken into consideration.

The petitioner executed no waiver of the statute of limitations in respect of the fiscal year ending May 31, 1920. The return for that fiscal year was filed on July 21, 1920.

LITTLETON: The purported notice of deficiency on account of which the Board is asked to take jurisdiction shows a total tax liability for the year in question of $8,464.65. Of the amount shown as due by the petitioner on the return as filed only $1,663.45 was ever assessed, which amount has not subsequently been changed by additional. assessments, abatements, credits, or refunds.

As a condition precedent to the Board taking jurisdiction of a proceeding, it is necessary that the Commissioner must have found a deficiency. Section 273 (1) of the Revenue Acts of 1924 and 1926 define a deficiency, so far as is pertinent here, as " The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return."

It should be noted that the definition of deficiency in the statute does not set out as a requirement that the taxes shown due on the return must be assessed, but merely says " the amount shown as the tax by the taxpayer upon his return." When the petitioner filed a proper return admitting a tax liability of $8,500.69, this amount was shown as due on its return regardless of what the Commissioner may have done with respect to making assessment thereof. *Appeal of Matteawan Manufacturing Co.*, 4 B. T. A. 953.

The Commissioner has determined that the total tax liability of the petitioner for the fiscal year in question is $8,464.65. Since this amount is less than that shown as the tax by the petitioner upon its return, namely, $8,500, the Board is without jurisdiction and the proceeding is

*Dismissed.*